WILLIAM A. BAUDLER
GEORGE VELASTEGUI (California Bar No. 107847)
MICHELLE M. SMITH (California Bar No. 191672)
National Labor Relations Board, Region 32
1301 Clay St., Suite 300N
Oakland, CA 94612-5224
Phone: 510-637-3291
Fax: 510-637-3315
E-mail: Michelle.Smith@nlrb.gov

Attorneys for the Applicant

**FILED**

JUN 2 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Fee
Waived

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br><br>Applicant,<br><br>v.<br><br>MAURICE SMOTHERS<br><br><br>Respondent. | Case No.: CV- 07 - 80171 _MISC. CW<br><br>APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA *AD TESTIFICANDUM* |

The National Labor Relations Board (herein called the Board), an administrative agency

of the Federal Government created pursuant to the National Labor Relations Act, as amended [29

U.S.C. Sec. 151, et seq.] (herein called the Act), by its General Counsel, and by William A.

Baudler, its Regional Attorney for Region 32, respectfully applies to this Honorable Court,

pursuant to Section 11(2) of the Act, for an order requiring Maurice Smothers (herein called

Respondent) to obey a subpoena *ad testificandum*. Said subpoena was issued by the Board and

duly served on Respondent, in the manner provided by law. In support of said application, upon information and belief, the Board respectfully shows as follows:

(a)    <u>Jurisdiction:</u>    This Court has jurisdiction over the subject matter of the proceeding, and over Respondent, by virtue of Section 11(2) of the Act, in that the inquiry in aid of which the subpoena was issued was carried on within this judicial district.    Further, Respondent is employed as the Shop Manager and is an agent of U-Haul of California and U-Haul International (herein collectively called U-Haul), which company is engaged within this judicial district in the business of renting trucks and trailers and maintains an office and place of business in Fremont, California, and was served with a subpoena *ad testificandum* within this judicial district.

(b)    Pursuant to the provisions of Section 6 of the Act, the Board has issued Rules and Regulations, Series 8, as amended (herein called the Board's Rules), governing the conduct of its operations, which have been duly published in the Federal Register (24 F.R. 9095), as provided for in the Administrative Procedure Act (5 U.S.C. Sec. 552). This Court may take judicial notice of the Board's Rules by virtue of 44 U.S.C. Sec. 307.

(c)    Pursuant to the provisions of Section 10(b) of the Act, there is now pending before the Board an unfair labor practice proceeding involving a charge filed against U-Haul. The charge against U-Haul has been filed and served on U-Haul in the manner and form required by law and by Sections 102.9, 102.10 and 102.14 of the Board's Rules. A copy of the charge and its attachment are attached hereto and designated <u>Exhibit 1(a) and 1(b).</u>

(d)    Pursuant to the provisions of Section 3(d) of the Act, the General Counsel of the Board and his duly authorized agents have the final authority, on behalf of the Board, to investigate charges and issue complaints under Section 10 of the Act. The Regional Director of Region 32 of the Board, on behalf of the General Counsel, pursuant to the provisions of Section 3(d) of the Act, conducted an investigation of the unfair labor practice charge described in

paragraph (c) above. As a result of evidence obtained during the investigation, the Regional Director concluded that no final decision could be reached on the merits of this charge without the sworn testimony of Maurice Smothers. The affidavit of Alan B. Reichard, the Regional Director of Region 32 of the Board, is attached hereto and designated Exhibit 2.

(e)    Because of the proceedings described above in paragraphs (c) and (d), the Board issued on May 29, 2007, at the written request of Michael Shanks, Board Agent and representative of the General Counsel of the Board a subpoena *ad testificandum* (No. A-740583), requiring Respondent to appear before a Board Agent on June 13, 2007 at 9 a.m. at the Oakland Regional Office to give testimony in connection with the investigation of the charge described above in paragraphs (c) and (d).

(f)    The subpoena described in paragraph (e) was issued under the authority of, and in the manner and form provided for, in Section 11(1) of the Act, and Section 102.31(a) of the Board's Rules. A copy of the subpoena identified in paragraph (e) is attached hereto and designated Exhibit 3.

(g)    The subpoena described in paragraph (e) was duly served upon Respondent in the manner and form provided for in Section 11(4) of the Act and Section 102.113 of the Board's Rules. A copy of the proof of service and of the U.S. Postal Service Track & Confirm form for the subpoena identified in paragraph (e) are attached hereto and designated Exhibit 4(a) and (b), respectfully.

(h)    Respondent failed to appear to testify on the date indicated in his subpoena and has continued to fail and refuse to testify as called for in the subpoena described in paragraph (e).

(i)    Respondent failed to file a petition to revoke the subpoena, as set forth in Section 11(1) of the Act, and did not avail himself of the available administrative remedies to challenge the validity of the subpoena or the relevancy of the testimony requested.[1]

(j)    Respondent's refusal to testify as required by the subpoena, which testimony is relevant and material to the investigation currently in progress by Region 32 of the Board in Case 32-CA-23015, constitutes contumacious conduct within the meaning of Section 11(2) of the Act. Respondent's failure to testify has impeded and continues to impede the Board in the investigation before it, and by thus impeding and continuing to impede the Board in the investigation of the matters before it, Respondent has prevented and is preventing the Board from carrying out its duties and functions under the Act.

(k)    The Statutory Scheme and Precedent Law:    Section 11 of the Act and its accompanying subparagraphs, which authorize the Board to issue subpoenas and grant jurisdiction to the district courts to enforce subpoenas, were incorporated into the Act when it was initially passed by Congress in 1935.  Section 11(2) of the Act, pursuant to which this application is before the Court, was patterned by Congress after similar provisions in the Interstate Commerce Act, the Federal Trade Commission Act, and the enabling acts of other Federal regulatory agencies.[2]    The constitutionality of provisions for the issuance and enforcement of subpoenas on behalf of Federal regulatory agencies has long since been

---

[1] Because Respondent has failed to exhaust the administrative remedy of petitioning the Board to revoke the subpoena at issue herein, Respondent should be estopped from questioning the validity of the subpoena or the relevancy of the testimony requested during this proceeding. See *NLRB v. Frederick Cowan*, 522 F.2d 26, 28 (2nd Cir. 1975). See also *Maurice v. NLRB*, 791 F.2d 182, 183 (4th Cir. 1982), *American Motors v. FTC*, 601 F.2d 1329, 1332-37 (6th Cir. 1979); *EEOC v. City of Milwaukee*, 919 F.Supp. 1247, 1255 (E.D.Wisc. 1996); *EEOC v. Roadway Express. Inc.*, 569 F.Supp. 1526, 1528 (N.D.Ind. 1983). *Cf. EEOC v. Lutheran Social Services*, 186 F.3d 959 (D.C. Cir. 1999).

[2] See comparison of S. 2926 and S. 1958 (74th Congress), March 11, 1935, *Legislative History of the National Labor Relations Act, 1935* (G.P.O. 1949) 1368.

affirmatively decided by the United States Supreme Court.[3]  The orderly operation of the Act requires that the Board have authority to issue subpoenas as a necessary incident of the power to investigate and prosecute cases,[4] and the enforcement of subpoenas by the Federal district courts is a necessary ancillary procedure to insure the authority of the Board to effectuate the purposes of the Act as intended by Congress.

Applicable standards for judicial enforcement of administrative subpoenas are now well-settled.  Duly-issued subpoenas are entitled to enforcement subject to the requirements that the Board is acting within its statutory authority in a general class of proceeding that it is empowered to conduct, that the subpoenas are not unreasonably burdensome, and that the information sought is not "plainly incompetent or irrelevant to any lawful purpose."[5]

The U.S. Court of Appeals for the Seventh Circuit described the applicable standards, as follows:

> . . The essential requirement for both the issuance and enforcement of a National Labor Relations Board subpoena is that the production of the evidence or the giving of the testimony called for by the subpoena must relate to a 'matter under investigation or in question.'  The evidence or testimony sought must touch upon the matter under investigation or in question. [6]

---

[3] See *United States v. Bryan*, 339 U.S. 323 (1950); *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186 (1946).

[4] *NLRB v. Alaska Pulp Corporation,* 149 LRRM 2682 (D.C.C 1995); *NLRB v. Barnes*, 178 F. 2nd  156 (7th Cir. 1949).

[5] *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943).  See also *Oklahoma Press Publishing Co. v. Walling*, supra; *NLRB v. Rohlen et. al*, 385 F. 2nd  52 (7th Cir., 1967); *NLRB v. Williams*, 396 F. 2nd 247 (7th Cir. 1968); *Cudahy Packing Co. v. NLRB*, 117 F. 2nd 692, 694 (19th Cir. 1941).

[6] *NLRB v. Williams*, 396 F. 2nd at 249.

The judicial role in subpoena enforcement proceedings is "extremely limited," and there is no requirement that "the agency even make any showing of probable cause to believe that the law has been violated."[7]

The Tenth Circuit has described the judicial role in the subpoena enforcement proceedings as follows:

> When an application is filed with a District Court for an order requiring obedience to a subpoena it may inquire only to ascertain that a proceeding is pending before the Board of which it has jurisdiction and that the evidence sought relates to or touches the matter under investigation. If these facts are found to exist, it is the duty of the court to order obedience to the subpoena. The only defenses that respondent may assert in such a proceeding are that the proceeding in which the evidence is sought is not one of which the Board has jurisdiction or that the evidence does not relate to or touch the matter under consideration. It may not in such a proceeding assert its defenses in the principal case.[8]

(1)    The Board's Subpoena is Valid and Proper and is Entitled to Enforcement by the Court:    As has been shown, the Board's subpoena was properly issued and served upon Respondent in accordance with Section 11(4) of the Act.[9]    Moreover, the testimony which is sought to be elicited from Respondent is relevant and material to the Board investigation being conducted by Region 32. Although the Act and the Board's Rules provide a procedure by which

---

[7] *NLRB v. C.C.C. Associates, Inc.*, 306 F. 2nd 534, 538 (2nd Cir., 1962)

[8] *Cudahy Packing Co. v. NLRB*, 117 F. 2nd at 694.

[9] Section 11(4) of the Act provides as follows:
Complaints, orders and other process and papers of the Board, its members, agent, or agency, may be served either personally or by certified mail or by telegraph or by leaving a copy thereof at the principal office or place of business of the person required to be served. The verified return by the individual so serving the same setting forth the manner of such service shall be proof of the same, and the return post office receipt or telegraph receipt therefore when registered and mailed or telegraphed as aforesaid shall be proof of service of the same. Witnesses summoned before the Board, its members, agent, or agency, shall be paid the same fees, and mileage that are paid witnesses in the courts of the United States, and witnesses whose depositions are taken and the person taking the same shall severally be entitled to the same fees as paid for like services in the courts of the United States.

1    a party served with a subpoena, if it objects to compliance with the subpoena, may petition to

2    revoke the subpoena, Respondent has at no time utilized those procedures.[10]

3        (m) The Instant Proceeding is the Only Action Available to the Board to Obtain Relevant

4    Evidence: The Ninth Circuit Court of Appeals has ruled that the Board must seek enforcement

5    in the district courts for non-compliance with its subpoenas. *N.L.R.B. v. International*

6    *Medications Systems Ltd.*, 640 F. 2d 1110 (9th Cir. 1981), remanding in relevant part, 244 NLRB

7    861 (1979). In that case, the employer had refused to comply with the General Counsel's

8    subpoena to produce certain records. The Administrative Law Judge, therefore, permitted the

9    General Counsel to prove the allegations through the use of secondary evidence of the

10    employer's policy and barred the employer from rebutting this evidence. The Board sustained

11    the Administrative Law Judge's ruling. On review, however, the Court of Appeals refused to

12    enforce the Board's order, to the extent that its findings were based on secondary evidence which

13    the employer was not permitted to rebut. Viewing the Board's action as tantamount to the

14    imposition of discovery sanctions, the Court held that it was improper for the Board to impose

15

16

_____

17    [10] Section 11(1) of the Act provides in pertinent part: "...Within five days after the service of a subpoena on any
person requiring the production of any evidence in his possession or under his control, such person may petition the

18    Board to revoke, and the Board shall revoke, such subpoena if in its opinion the evidence whose production is
required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its

19    opinion such subpoena does not describe with sufficient particularity the evidence whose production is required..."
Respondent may argue that it satisfied the requirements of Section 11(1) by virtue of a June 12, 2007 letter sent to

20    the investigator in this matter declaring its intention not to comply with the subpoena. Such an argument, if made,
should be rejected, first, because it was not a petition to the Board, as required by Section 11(1), and, second,

21    because it was untimely since, it was not even drafted until well over the five day limit within which Respondent
had to file a petition to revoke before the Board. *Packing Techniques, Inc.*, 317 NLRB 1252, 1253 (1995), which

22    Respondent cited to the Board investigator, does not, as Respondent maintained, allow it to claim compliance with
Section 11(1) either on the basis of pre-subpoena assertions of an unwillingness to produce a particular witness or a

23    post-subpoena letter to the Board investigator reaffirming that unwillingness. As to the pre-subpoena assertions,
they are the very reason that the Region had to resort to a subpoena, which then obligated Respondent to comply

24    with the provisions of Section 11(1) if it wanted to oppose that subpoena. Nothing in *Packing Techniques* suggests
a right to rely on oral, pre-subpoena assertions to a Board agent as satisfying the requirements of Section 11(1). Nor

25    does *Packing Techniques* recognize that an untimely letter addressed to a Board agent, rather than to the Board or an
administrative law judge, as specified by Section 11(1), satisfies that Section's requirements regarding subpoena
revocation.

sanctions before the employer's duty to comply with the subpoena had been judicially determined. In this regard, the Court explained (640 F. 2d at 1116):

> 'Congress has made elaborate provisions for obtaining and enforcing [NLRB] subpoenas,' and '[i]t was obviously its intention that this machinery be utilized.' ... We may not infer that Congress intended to authorize agencies to bypass district court enforcement proceedings. An efficient and fair enforcement mechanism has been provided and was meant to be used. We therefore conclude that Congress granted the district courts exclusive authority to compel compliance with NLRB subpoenas. (citations omitted.)

Because the Board failed to seek enforcement of its subpoena and because the secondary evidence was essential to its findings, the Court of Appeals remanded that portion of the case for "the taking of additional evidence and an opportunity to seek enforcement of the subpoenas in district court." *Id.* Therefore, in light of the decision in *N.L.R.B. v. International Medications Systems Ltd.,* supra, the only method available to the Board to determine whether a complaint is warranted in the instant case -- where Respondent's testimony is essential to the Board's investigation-- is to seek subpoena enforcement in this District Court.

Thus, the situation that exists herein is precisely the type of situation for which the enforcement procedures of Section 11(2) of the Act were designated. To prevent the Board's processes from being impeded by Respondent's failure, without any justification and without his having filed a petition to revoke, to comply with the valid subpoena seeking testimony relevant to the underlying Board investigation, an order compelling Respondent to comply with the subpoena is necessary and appropriate.

WHEREFORE, the Applicant respectfully prays:

(1)    That an order to show cause issue forthwith directing Respondent to appear before this Court on a day certain to be fixed in this order, and that Respondent show cause, if any there be, why an order should not issue directing Respondent to appear before a Board Agent designated by the Board to take evidence in Case 32-CA-23015, at such time and place as the Board Agent may designate,  and then and there testify and answer any and all questions relevant and material to the matters under investigation as required by subpoena *ad testificandum* No. A-740583 described above in paragraph (e).

(2)    That upon the return of the Orders to Show Cause described above in paragraph (1), an order issue from this Court requiring Respondent to appear before a Board Agent designated by the Board to take evidence in Case 32-CA-23015 currently being investigated by Region 32 of the Board, at such time and place as the Board Agent may designate, and then and there testify and answer any and all questions relevant and material to the matters under investigation as required by subpoena *ad testificandum* No. A-740583 described above in paragraph (e).

(5)    That the Applicant have such other and further relief as may be necessary and appropriate.

DATED AT Oakland, California this 29th day of June, 2007.

_William A. Baudler_

William A. Baudler, Regional Attorney
National Labor Relations Board
Region 32

Ronald Meisburg
General Counsel

George Velastegui
Deputy Regional Attorney

Michelle M. Smith
Attorney for Region 32

_Michelle M. Smith_

Michelle M. Smith

State of California    )

County of Alameda    )

William A. Baudler, being first duly sworn, deposes and says that he is Regional Attorney of the Thirty-Second Region of the National Labor Relations Board; that he has read the foregoing application and exhibits attached thereto and knows the contents thereof; that the statements therein made upon personal knowledge are true and that those made upon information and belief, he believes to be true.

_William A. Baudler_

WILLIAM A. BAUDLER, REGIONAL ATTORNEY

State of California    )

County of Alameda    )

HELEN E. DEVLIN
Commission # 1693622
Notary Public - California
Alameda County
My Comm. Expires Oct 9, 2010

On June 29, 2007 before me, Helen E. Devlin, Notary Public, personally appeared William A. Baudler, personally known to me be the person whose name is subscribed to in the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_Helen E. Devlin_

HELEN E. DEVLIN
Commission # 1693622
Notary Public - California
Alameda County
My Comm. Expires Oct 9, 2010

FORM NLRB-501

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 32–CA–23015 | 1–24–2007 |

**INSTRUCTIONS**
File an original and 4 copies of this charge with NLRB Regional Director for
the region in which the alleged unfair labor practice occurred or is occurring.

### 1.  EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Number of workers employed |
|---|---|
| U-Haul of California and U-Haul International | 30 plus |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| See Attachment. | | See Attachment |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| rental | rental |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1), (3) and (4) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the last six months preceding the filing of this charge, the above named employer has terminated employees on account of union and/or protected activity.  The employer has retaliated against workers who participated in NLRB proceedings.  Because the employer is acting in such a lawless manner, the company should be placed in receivership and the owners of the company removed.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act to participate in union activities.  The employer has not interfered with the rights given by the Act for employees and employers  to sabotage collective rights by refraining from protected concerted activity.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) |
|---|
| Machinists Local Lodge No.1546, District Lodge 190 |

| 4a. Address (street and number, city, state and ZIP code) | 4b. Telephone No. |
|---|---|
| 10260 MacArthur Blvd., Oakland, CA  94605 | 510-638-6705 510 638 1840 fax |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization.
**International Association of Machinists & Aerospace Workers, AFL-CIO**

### 6.  DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By | Title **Attorneys** |
|---|---|
| **DAVID A. ROSENFELD** Signature of representative or person making charge | |

| Address | Telephone No. | Date |
|---|---|---|
| WEINBERG, ROGER & ROSENFELD 180 Grand Avenue, Suite 1400, Oakland, CA  94612 | (510) 839-6600 510 891-0400 | **January 24, 2007** |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT
(U.S. CODE, TITLE 18, SECTION 1001) 1/352858

COPY SENT NLRB
Date 1-24-07 By BS

Exhibit 1 (a)

ATTACHMENT

32–CA–23015

| ADDRESS | PHONE | FAX |
|---------|-------|-----|
| 44511 Grimmer Blvd., Fremont, CA 94538 | (510) 651-5233 | (510) 651-1652 |
| 2727 North Central Avenue, Phoenix, AZ 85004 | (602) 263-6983 | (620) 277-5017 |

RECEIVED
NLRB REGION 32
2007 JAN 24 AM 9 00
OAKLAND, CA

Exhibit 1(b)

WILLIAM A. BAUDLER
GEORGE VELASTEGUI (California Bar No. 107847)
MICHELLE M. SMITH (California Bar No. 191672)
National Labor Relations Board, Region 32
1301 Clay St., Suite 300N
Oakland, CA 94612-5224
Phone: 510-637-3291
Fax: 510-637-3315
E-mail: Michelle.Smith@nlrb.gov

Attorneys for the Applicant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br><br>Applicant,<br><br>v.<br><br><br>MAURICE SMOTHERS<br><br><br>Respondent. | Case No.:<br><br>AFFIDAVIT OF ALAN B. REICHARD, REGIONAL DIRECTOR, NATIONAL LABOR RELATIONS BOARD, REGION 32, IN SUPPORT OF APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA *AD TESTIFICANDUM* |

I, Alan B. Reichard, being first duly sworn, depose and declare as follows:

1.    I am the Regional Director of Region 32 of the National Labor Relations Board (herein called the Board).

2. On or about January 24, 2007, Machinists Local Lodge No. 1546, District Lodge 190, International Association of Machinists & Aerospace Workers, AFL-CIO (herein called the Union) filed an unfair labor practice charge in Case 32-CA-23015 against U-Haul of California and U-Haul International (herein called U-Haul), alleging, *inter alia,* that U-Haul, acting through its Shop Manager Maurice Smothers, terminated employees on account of their Union activities.

3.      Pursuant to the authority vested in the Regional Director as the duly designated agent of the General Counsel of the Board under Section 3(d) of the National Labor Relations Act (hereafter, "the Act"), I had an investigation conducted into the allegations raised by the above-described charges. Board Field Examiner Michael Shanks, under my direction, conducted the investigation.

4.      On information and belief based upon experience investigating such cases, I have reason to believe that U-Haul is an employer engaged in commerce within the meaning of the Act and whose operations affect commerce within the meaning of the Act. Therefore, the charge's allegations in Case 32-CA-23015 are matters over which the Board has statutory jurisdiction.

5.      The Region's investigation concerns allegations that U-Haul discharged Oscar Guerrero and Daryn Young in retaliation for their union activities, thereby violating Section 8(a)(3) and (1) of the Act. Under the applicable legal framework, it must first be determined whether an employees' protected activity was a motivating factor in an employer's decision to take adverse action against that employee. *Wright Line,* 251 NLRB 1083, 1089 (1980), 1083 (1980), enfd., 662 F. 2d 899 (1st Cir. 1981), cert. denied 455 U.S. 989 (1982). If such a showing is made, the burden shifts to the employer to demonstrate that the same action would have taken

1   place even in the absence of the protected activity. *Id.* Here, the investigation has disclosed

2   sufficient evidence to call into question U-Haul's motive for discharging Guerrero and Young.

3   Accordingly, the Region is seeking the testimony of Shop Manager Smothers, who has asserted

4   responsibility for the decisions to discharge Guerrero and Young. His testimony will materially

5   aid the Region's determination of whether Guerrero and Young were discharged for legitimate

6   and non-discriminatory reasons, as U-Haul maintains, or whether the reasons proffered by U-

7   Haul are pretextual, as the Charging Party maintains. If determined to be pretextual, they would

8   both undermine U-Haul's defense and reinforce the inference of a discriminatory motive behind

9   the discharges. Thus, the testimony sought from Smothers clearly relates to the matter under

10  investigation by the Region.

11

12      6.      During the investigation, the Region made numerous requests that U-Haul make

13  Maurice Smothers available to testify regarding his reasons for terminating Guerrero and Young.

14  By letter to U-Haul's counsel dated February 1, 2007, the Region summarized the allegations

15  regarding Guerrero and Young, set forth a list of information that the Region needed from U-

16  Haul in order to conclude its investigation in this case and specifically requested to meet with

17  and take a sworn statement from Maurice Smothers. After repeated requests and an extension of

18  time to respond, on May 10, 2007, U-Haul presented Smothers for a Board affidavit. However,

19  during his May 10, 2007 affidavit, Smothers refused to provide any information or answer any

20  questions related to his reasons for terminating Guerrero and Young. By letter to U-Haul's

21  counsel dated May 24, 2007, the Region again requested that U-Haul present Smothers for the

22  purpose of providing testimony regarding the charge and specifically the reasons U-Haul

23  terminated Guerrero and Young. U-Haul has continued to refuse to make him available. Thus,

24  the information provided by U-Haul to date is insufficient to conclude the Region's

25

EXHIBIT 2
AFFIDAVIT OF ALAN B. REICHARD, REGIONAL DIRECTOR, NATIONAL LABOR
RELATIONS BOARD, REGION 32, IN SUPPORT OF APPLICATION FOR
ORDER REQUIRING OBEDIENCE TO SUBPOENA *AD TESTIFICANDUM*
Page 3

investigation. Copies of the Region's February 1, and May 24, 2007 letters are attached hereto and designated Exhibits A and B.

7.      Based upon the evidence obtained during the investigation, I concluded that a final decision on the merits of the charge could not be reached without testimony from Maurice Smothers regarding U-Haul's termination of Guerrero and Young. I concluded that the Region's investigation must include examination of Smothers regarding his reasons for terminating the two discriminatees.  In an effort to obtain information as to the reasons U-Haul terminated Guerrero and Young, the Region issued an investigatory subpoena *ad testificandum* to Maurice Smothers.  The subpoena ad testificandum issued by the Region sought testimony regarding the investigation of Case 32-CA-23015, which alleges, inter alia, that U-Haul terminated employees Guerrero and Young because of their Union activities.

8.      Maurice Smothers failed to appear to testify on the date indicated in his subpoena, and U-Haul did not file a petition with the Board to revoke the subpoena, as set forth in Section 11(1) of the Act.  Rather, in a letter dated June 12, 2007, U-Haul's attorney, Gregg J. Tucek, advised that he would not produce Maurice Smothers for purposes of an affidavit on the merits of the terminations. U-Haul's June 12, 2007 letter is attached hereto and designated Exhibit C.

9.      I have read the foregoing statement, understand its contents, and I swear under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED AT Oakland, California this 29th day of June, 2007.


*Alan B Reichard*
Alan B. Reichard
Regional Director
National Labor Relations Board
Region 32

State of California    )
County of Alameda    )

Alan B. Reichard, being first duly sworn, deposes and says that he is Regional Director of the Thirty-Second Region of the National Labor Relations Board; that he has read the foregoing application and exhibits attached thereto and knows the contents thereof; that the statements therein made upon personal knowledge are true and that those made upon information and belief, he believes to be true.

*Alan B. Reichard*
ALAN B. REICHARD, REGIONAL DIRECTOR

State of California    )
County of Alameda    )

On June 29, 2007 before me, Helen E. Devlin, Notary Public, personally appeared Alan B. Reichard, personally known to me be the person whose name is subscribed to in the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

*Helen E. Devlin*

> HELEN E. DEVLIN
> Commission # 1693822
> Notary Public - California
> Alameda County
> My Comm. Expires Oct 9, 2010

> HELEN E. DEVLIN
> Commission # 1693822
> Notary Public - California
> Alameda County
> My Comm. Expires Oct 9, 2010

EXHIBIT 2
AFFIDAVIT OF ALAN B. REICHARD, REGIONAL DIRECTOR, NATIONAL LABOR
RELATIONS BOARD, REGION 32, IN SUPPORT OF APPLICATION FOR
ORDER REQUIRING OBEDIENCE TO SUBPOENA *AD TESTIFICANDUM*
Page 5



**United States Government**

**NATIONAL LABOR RELATIONS BOARD**
Region 32
1301 Clay Street, Suite 300N
Oakland, CA  94612-5211

Telephone:  **(510) 637-3258**
Fax No:       **(510) 637-3315**

Thursday, February 01, 2007

Gregg Tucek, Esq.
Sherman & Howard
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Fax 602-234-7979

**Re: U-Haul of California and U-Haul International**
**Case: 32-CA-23015-1**

Dear Mr. Tucek:

This letter serves to inform you that the Charging Party, Machinists Local Lodge No. 1546, has presented evidence in support of the allegations contained in its charge. I have completed a preliminary investigation and there is evidence of *prima facie* violations of Section 8(a)(1) (3) and (4) of the Act. Generally, the Union contends that the above named Employer terminated employees Daryn Young and Oscar Guerrero because of their union activity and/or in retaliation for their participation in NLRB proceedings. Below is an outline of the evidence provided to date, in addition to the specific questions that I have.

Young and Guerrero supported the Union in its previous organizing activities. They presented evidence in support of previous charges against the Employer (See U-Haul, Case 20-CA-32961, et al.) The case included the allegations that Young and Guerrero suffered the denial of $1.00 per hour pay increase as a result of their union activity. Young and Guerrero names were listed on the Notice to Employees that was posted until approximately December 13, 2006 at the Employer's Fremont facility. Guerrero and Young resumed union organizing activity in the fall of 2006.

Young and Guerrero were terminated on or about January 18, 2007 based on purportedly deficient efficiency ratings.

This communication is intended for the sole use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. This message may also be attorney-client communication or work product and, as such, is privileged and confidential. If you are not the intended recipient or an agent of the intended recipient, or have received this facsimile in error, do not disseminate, distribute, copy or take any action in reliance on these documents. If you have received this communication in error, please notify us immediately by telephone, and return the communication, via US Postal Service. Return the fax to the National Labor Relations Board, Region 32, 1301 Clay Street, Room 300N, Oakland, CA 94612. Thank you.

Exhibit 2 A

*My Specific Questions*

1) Described the Fremont facilities organization structure.
   a. What is your position on the Supervisory and/or Managerial status of Shop Manager Maurice Smothers, Shop Foreman Nate Tandoc, and Shop Foreman Nathan Ibay?
2) When did the Employer learn that Guerrero and Young had resumed organizing activity in the fall of 2006?
3) What actions did the Employer take to comply with the terms of the settlement agreement in Case 20-CA-32961, et al?
   a. Did the Employer provide Young and Guerrero with the $1 per hour pay increase?
   b. Did the Employer provide Young and Guerrero with any back pay?
4) Why was Young and Guerrero's employment terminated?
5) Were any other non-temporary employees terminated due to efficiency concerns since January 1, 2005 or were any other employees disciplined due to efficiency concerns since January 1, 2005?
   a. If so, describe the circumstances of each termination/disciplinary action in detail.
   b. And provide me with copies of all original documents that pertain to warnings, suspension, termination, or any other disciplinary action against those employees.
6) Who is performing the work previously done by Young and Guerrero?
7) Provide with me complete copies of Young and Guerrero's personnel file.
8) Describe the Employer's new efficiency program?
   a. When was it implemented?
   b. How did it differ from the Employer previous system for monitoring productivity?
   c. What were employees told about the new system when it was implemented? Specifically, describe in detail all meetings with employees, held by Smothers or Vice President Jeremy Frank, where the new efficiency system was discussed.
   d. Did Smothers compliment and reward employees for improving efficiency in early January 2007?
9) Provide me with efficiency reports for all employees that were affected by the new efficiency program since the program was implemented, including but not limited to Transfer Driver, Pre-Inspection Specialist, PM (Final) Inspection Specialist, Lead Person, Brake/Tire Specialist, Body/Fender and Paint Specialist, Van Body Specialist, Air Conditioning/Heating Specialist, Trailer/SRI Specialist, Transfer Driver, Mechanical Express Specialist, Transmission Specialist, and Engine Specialist.

Finally, I request to meet with, and take sworn statements from Maurice Smothers, Jeremy Frank, Nate Tandoc, and Nathan Ibay, in addition to any other witnesses you wish to present. Please call me immediately to arrange for a date, time and location to meet. You may decide to present a position statement, in lieu of, or in addition to witnesses. However, the submission of only a position statement is not considered full and complete cooperation. Please review the Regional Director's letter that accompanied the service of the Charge for a description of what constitutes full and complete cooperation. If you do not have a copy of that letter I will provide

Exhibit 2 A

one to you upon request. If you refuse to provide live witnesses, all evidence should be submitted by the close of business *Thursday, February 8, 2007*. After that date a decision will be made based upon the evidence contained in the file. If you have any questions, or concerns, please do not hesitate to contact me.

Sincerely,

Michael Shanks
Field Examiner

Via Facsimile Only
3 Pages Total

Exhibit 2 A

******** -COM  OURNAL- ************* DATE FEB-01-   ***** TIME 11:06 ********

MODE = MEMORY TRANSMISSION          START=FEB-01 11:05    END=FEB-01 11:06

    FILE NO.=147

STN     COMM.   ONE-TOUCH/   STATION NAME/TEL NO.                       PAGES      DURATION
NO.             ABBR NO.

001     OK      ☎            916022347979                              003/003    00:00:42

                                                        -NLRB REGION 32           -

*********************************** -NLRB REGION 32  - ***** -      510 637 3315- *********



**United States Government**

**NATIONAL LABOR RELATIONS BOARD**
**Region 32**
**1301 Clay Street, Suite 300N**
**Oakland, CA 94612-5211**

Telephone: (510) 637-3258
Fax No:    (510) 637-3315

Thursday, February 01, 2007

Gregg Tucek, Esq.
Sherman & Howard
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Fax 602-234-7979

**Re: U-Haul of California and U-Haul International**
**Case: 32-CA-23015-1**

Dear Mr. Tucek:

This letter serves to inform you that the Charging Party, Machinists Local Lodge No. 1546, has presented evidence in support of the allegations contained in its charge. I have completed a preliminary investigation and there is evidence of *prima facie* violations of Section 8(a)(1) (3) and (4) of the Act. Generally, the Union contends that the above named Employer terminated employees Daryn Young and Oscar Guerrero because of their union activity and/or in retaliation for their participation in NLRB proceedings. Below is an outline of the evidence provided to date, in addition to the specific questions that I have.

Young and Guerrero supported the Union in its previous organizing activities. They presented evidence in support of previous charges against the Employer (See U-Haul, Case 20-CA-32961, et al.) The case included the allegations that Young and Guerrero suffered the denial of $1.00 per hour pay increase as a result of their union activity. Young and Guerrero names were listed on the Notice to Employees that was posted until approximately December 13, 2006 at the Employer's Fremont facility. Guerrero and Young resumed union organizing activity in the fall of 2006.

Young and Guerrero were terminated on or about January 18, 2007 based on purportedly deficient efficiency ratings.

This communication is intended for the sole use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. This message may also be attorney-client communication or work product and, as such, is privileged and confidential. If you are not the intended recipient or an agent of the intended recipient, or have received this facsimile in error, do not disseminate, distribute, copy or take any action in reliance on these documents. If you have received this communication in error, please notify us immediately by telephone, and return the communication, via US Postal Service. Return the fax to the National Labor Relations Board, Region 32, 1301 Clay Street, Room 300N, Oakland, CA 94612. Thank you.

Exhibit 2 A



**United States Government**

**NATIONAL LABOR RELATIONS BOARD**
**Region 32**
**1301 Clay Street, Suite 300N**               **Telephone: (510) 637-3258**
**Oakland, CA  94612-5211**                        **Fax No:      (510) 637-3315**

5/24/2007

Gregg Tucek
Sherman & Howard
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Fax 602-234-7979

**Re: U-Haul of California and U-Haul International**
**Case: 32-CA-23015-1**

Dear Mr. Tucek:

This letter will provide you with another opportunity to fully cooperate with the investigation
and present Manager Maurice Smothers for the purpose of providing sworn affidavit testimony
regarding the charge and specifically the reasons for the terminations of Daryn Young and Oscar
Guerrero.

This letter asks that you provide the Region with all books, records, memoranda and other
documents, including but not limited to e-mails, memorializations of telephone conversations,
meetings or other conversations, which were created since April 1, 2006, and pertain or refer to
communications between U-Haul of California, Inc. and U-Haul International, Inc regarding
Union activities at the Fremont facility.

If you intend to comply with these requests, please inform me by *Tuesday, May 29, 2007* when
the Region will be allowed to take Mr. Smothers' affidavit and when the Region will receive the

Exhibit 2 B

additional information. If you have any questions, or concerns, please do not hesitate to contact me.

Sincerely,

Michael Shanks
Field Examiner
Via Facsimile Only
2 Pages Total

This communication is intended for the sole use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. This message may also be attorney-client communication or work product and, as such, is privileged and confidential. If you are not the intended recipient or an agent of the intended recipient, or have received this facsimile in error, do not disseminate, distribute, copy or take any action in reliance on these documents. If you have received this communication in error, please notify us immediately by telephone, and return the communication, via US Postal Service. Return the fax to the National Labor Relations Board, Region 32, 1301 Clay Street, Room 300N, Oakland, CA 94612. Thank you.

Exhibit 2 B

*************** -COMM. JOURNAL- ***************** DATE MAY-24-2007 ***** TIME 10:53 ********

MODE = MEMORY TRANSMISSION                     START=MAY-24 10:53    END=MAY-24 10:53

    FILE NO.=172

STN    COMM.    ONE-TOUCH/    STATION NAME/TEL. NO.
NO.             ABBR NO.                                                    PAGES    DURATION

001    OK       &            916022347979
                                                                           002/002   00:00:27


                                                    -NLRB REGION 32           -

************************************* -NLRB REGION 32   - *****  -      510 637 3315- *********



**United States Government**

**NATIONAL LABOR RELATIONS BOARD**
**Region 32**
**1301 Clay Street, Suite 300N**
**Oakland, CA 94612-5211**

**Telephone:** (510) 637-3258
**Fax No:**    (510) 637-3315

5/24/2007

Gregg Tucek
Sherman & Howard
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Fax 602-234-7979

**Re: U-Haul of California and U-Haul International**
**Case: 32-CA-23015-1**

Dear Mr. Tucek;

This letter will provide you with another opportunity to fully cooperate with the investigation and present Manager Maurice Smothers for the purpose of providing sworn affidavit testimony regarding the charge and specifically the reasons for the terminations of Daryn Young and Oscar Guerrero.

This letter asks that you provide the Region with all books, records, memoranda and other documents, including but not limited to e-mails, memorializations of telephone conversations, meetings or other conversations, which were created since April 1, 2006, and pertain or refer to communications between U-Haul of California, Inc. and U-Haul International, Inc regarding Union activities at the Fremont facility.

If you intend to comply with these requests, please inform me by *Tuesday, May 29, 2007* when the Region will be allowed to take Mr. Smothers' affidavit and when the Region will receive the

Exhibit 2 B

# Sherman & Howard L.L.C.

ATTORNEYS & COUNSELORS AT LAW
1850 N. CENTRAL AVENUE, SUITE 500
PHOENIX, ARIZONA 85004
TELEPHONE: 602 636-2000
FAX: 602 234-7979
OFFICES: DENVER • COLORADO SPRINGS
RENO • LAS VEGAS

Gregg J. Tucek
Direct Dial Number: (602) 636-2012
E-mail: gtucek@sah.com

June 12, 2007

**VIA FACSIMILE AND FIRST CLASS MAIL**

Michael Shanks, Field Examiner
**NATIONAL LABOR RELATIONS BOARD**
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5211

Re:    *U-Haul International, Inc. / Defend ULP 32-CA-23015-1*

Dear Mr. Shanks:

The following is in response to your telephone call today regarding the production of Mr. Smothers. Please refer to my May 30, 2007 correspondence wherein I told you I would not produce Mr. Smothers again for an affidavit to answer one question before a Board agent in Oakland, as that would be an unnecessary waste of resources. I also advised you that no documents responsive to the subpoena existed.

In the course of interviewing Mr. Smothers for his prior subpoena, I told Board agent Valerie Mahoney that I was not and would not be producing Mr. Smothers at any time for a subpoena relative to his reason for terminating the discriminatees. I have also advised you on several occasions that I would not produce Mr. Smothers for purposes of an affidavit on the merits of the terminations as that has typically not been my practice. While it is my practice to petition to revoke in writing, considering the Region has been apprised repeatedly that I would not produce Mr. Smothers as a witness over the merits of the terminations, doing so in writing should be unnecessary. The Board has approved oral arguments for petitions to revoke subpoenas. *Packaging Techniques, Inc.*, 317 N.L.R.B 1252, 1253 (1995).

Should you have any questions regarding this matter, please feel free to contact me.

Very truly yours,

Gregg J. Tucek
Counsel for UHC

GJT/td
cc:    Cindy Beauchamp

Exhibit 2 C

FORM NLRB-32
(1/03)

## SUBPOENA

### UNITED STATES OF AMERICA
### NATIONAL LABOR RELATIONS BOARD

To __Maurice Smothers, U-Haul of California, Inc.__

__44511 Grimmer Blvd., Fremont, CA 94538__

As requested by __Michael Shanks, A Board Agent of the__

__National Labor Relations Board, Region 32__

whose address is __1301 Clay Street, Suite 300N, Oakland, CA 94612-5224__
              (Street)                    (City)              (State)        (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE, __and give a Board Affidavit to__

__A Board Agent__ _____ of the National Labor Relations Board

at __the Oakland Regional Office, 1301 Clay Street, Suite 300N__

in the City of __Oakland__

on the __13th__ day of __June__ 20__07__ at __9:00__ (a.m.) ~~p.m.~~ or any adjourned

or rescheduled date to ~~testify in~~ __give a Sworn Board Affidavit in U-Haul of California__
                                            Case Name and Number
__and U-Haul International: 32-CA-23015-1__

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

## A- 740583

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at __Oakland, CA__

this 29th day of __May__ 20__07__

*Robert J Battista*

NOTICE TO WITNESS. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

Exhibit 3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. *Thanks*

1. Article Addressed to:

Maurice Smothers
U-Haul of California, Inc.
44511 Grimmer Blvd
Fremont, CA 94538

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Judy Zumwalt*    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
*Judy Zumwalt*

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7001 2510 0007 6033 4258

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Exhibit 4(a)



**UNITED STATES**
**POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7001 2510 0007 6033 4258**
Status: **Delivered**

Your item was delivered at 12:11 PM on May 31, 2007 in FREMONT, CA 94538.

| Track & Confirm |
|---|
| Enter Label/Receipt Number. |

Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.    *Go >*

POSTAL INSPECTORS    site map    contact us    government services    jobs    **National & Premier Accounts**
Preserving the Trust    Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use    Privacy Policy

Exhibit 4(b)